a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANNON WILLIAMS #13947-047, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00216 SEC P |
| VERSUS | JUDGE DRELL |
| USA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is the United States's Motion to Dismiss (ECF No. 22) Plaintiff Shannon Williams's Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Williams, who is proceeding pro se, is incarcerated at the Federal Correctional Institution in Adelanto, California. He seeks damages for injuries allegedly sustained at the United States Penitentiary in Pollock, Louisiana ("USP Pollock").

Because the Complaint plausibly alleges a negligence claim under Louisiana law, the Motion to Dismiss should be denied.

## I. Background

Williams alleges that, on April 29, 2021, Bureau of Prisons ("BOP") personnel directed him to an attorney-client visiting room at USP Pollock for a scheduled video call with his legal representatives. ECF No. 1 at 1. A female staff member escorted Williams to the room but allegedly did not warn him about the condition of the furniture inside. *Id.* at 2.

During the call, Williams leaned on a large desk whose front legs had allegedly been removed. *Id.* at 1. Williams asserts that the desk bore no sign or other notice warning that it was broken. *Id.* The desk toppled onto the backs of Williams's knees, knocked him to the ground, and came to rest on his legs. *Id.* at 1–2. Williams alleges that he sustained a torn ligament in his left knee, severe injury to his right knee, and continuing pain. *Id.* at 2, 4.

Williams alleges that the BOP was in possession and control of USP Pollock and was responsible for his custody and safety. *Id.* at 3. He contends that the BOP negligently left the broken desk in the attorney-client visiting room and failed to repair or remove it, or to warn him of its condition. *Id.* at 1-4.

Williams alleges that he exhausted the FTCA's administrative exhaustion requirement by submitting Claim No. TRT-SCR-2022-04285, which the BOP denied on August 30, 2024. ECF No. 1 at 3. He filed this action against the United States under the FTCA, seeking compensatory damages and additional relief. *Id.* at 1, 4.

The United States moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Williams failed to plausibly allege an unreasonable risk of harm, a specific negligent act or omission by a federal employee, or actual or constructive knowledge of the desk's condition. ECF No. 22 at 1; ECF No. 22-1 at 3-5. Williams opposed the motion, asserting that the desk was a defective thing within the BOP's custody under Louisiana Civil Code articles 2317 and 2317.1 and that leaving it in the visiting room without its front legs or any warning created an

unreasonable risk of harm. ECF No. 24 at 1–2. In the alternative, Williams requests leave to amend his Complaint to cure any pleading deficiencies. *Id.* at 2.

## II. Law and Analysis

### A. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss all or part of a claim for "failure to state a claim upon which relief can be granted." But a claim should not be dismissed "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020). A court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Id.* However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

Because Williams is proceeding pro se, his pleadings must be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Liberal construction does not relieve a pro se litigant of the obligation to plead sufficient facts to state a plausible claim, but the Court must look to the substance of his allegations rather than the labels he assigns them. *See Johnson v. City of Shelby*, 574 U.S. 10, 11-12 (2014) (explaining that the federal pleading rules do not permit dismissal merely because the plaintiff imperfectly states the legal theory supporting his claim).

B. The FTCA and Louisiana Law

The FTCA waives the United States's sovereign immunity for certain claims seeking damages for injury caused by the negligent or wrongful act or omission of a federal employee acting within the scope of employment, when a private person would be liable under the law of the state where the conduct occurred. *See* 28 U.S.C. §§ 1346(b)(1), 2674; *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). Because the accident allegedly occurred at USP Pollock, Louisiana substantive law governs whether Williams has stated a negligence claim.

Louisiana employs a duty-risk analysis under which a plaintiff must establish: (1) the defendant had a duty to conform its conduct to a specific standard; (2) the defendant failed to conform to that standard; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injury; (4) the defendant's conduct was a legal cause of the injury; and (5) the plaintiff sustained damages. *Renwick v. PNK Lake Charles*, L.L.C., 901 F.3d 605, 616 (5th Cir. 2018) (citations omitted).

More specifically, Louisiana Civil Code article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

La. Civ. Code art. 2317.1. Whether a condition presents an unreasonable risk of harm is determined under a risk-utility balancing test. The Court considers: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288, p. 5 (La. 10/15/14), 171 So. 3d 851, 856. The inquiry is fact-specific and must be assessed in light of the particular circumstances of the alleged defect.

C. <u>Williams Plausibly Alleges a Negligence Claim Under Louisiana law.</u>

The United States contends that Williams relies only on the occurrence of an accident and fails to identify a particular negligent act or omission, an unreasonable risk of harm, or facts establishing actual or constructive knowledge. ECF No. 22-1 at 3-5. Liberally construing the Complaint and accepting its factual allegations as true, however, Williams has alleged more than the unexplained occurrence of an accident.

First, Williams alleges that the desk was within the BOP's custody or control. He alleges that the BOP possessed and controlled USP Pollock, was responsible for his safety, and kept the desk in an attorney-client visiting room to which BOP staff directed and escorted him. ECF No. 1 at 1–3. Those allegations permit a reasonable

inference that the BOP exercised custody and control over both the room and the furniture provided for its use. Williams was not required to identify by name the particular employee responsible for placing, inspecting, or maintaining the desk. The United States is the proper Defendant in an FTCA action, and the Complaint identifies the date and location of the accident, the allegedly defective object, and the acts or omissions giving rise to the claim.

Second, applying the risk-utility considerations at the pleading stage, Williams alleges facts plausibly showing that the desk contained a defect presenting an unreasonable risk of harm. According to Williams, the large, heavy desk was missing its front legs but remained in an attorney-client visiting room without any sign or warning that it was broken, thus having little, if any utility. *Id.* at 1–2. Any likelihood and magnitude of harm were substantial because an unwarned user could reasonably lean on the desk during an ordinary use of the room, causing the desk to topple. And the risk could have been addressed through relatively simple measures.

The Government argues that a desk's collapse when someone leans on it, "without more," does not demonstrate an unreasonable risk. ECF No. 22-1 at 3–4. But the Complaint supplies the "more": Williams specifically alleges that the desk's front legs had been removed, that the desk remained in a room designated for inmate use, and that no warning disclosed its condition. ECF No. 1 at 1–2. Thus, this is not a case in which the plaintiff asks the Court to infer negligence solely from an unexplained accident. *See Parsons v. Sholand, LLC*, 2013-2217 (La. App. 1 Cir. 8/29/14), 2014 WL 4317786 (seeking application of the doctrine of res ipsa loquitur).

Third, constructive knowledge can be inferred through the allegations. Williams does not expressly allege how long the desk had been broken, who removed its legs, or that a particular employee admitted knowing of its condition. Nevertheless, constructive knowledge under article 2317.1 may be established by showing that the defendant, through the exercise of reasonable care, should have discovered the defect. *Polk v. United States*, 17-CV-1164, 2018 WL 1581881, at *12 (E.D. La. Apr. 2, 2018), *aff'd sub nom. Stokes v. United States*, 753 F. App'x 279 (5th Cir. 2018); *Encalade v. A.H.G. Sols., LLC*, 2016-0357, p. 12 (La. App. 4 Cir. 11/16/16); 204 So.3d 661, 668.

Williams alleges that the desk's front legs had been removed altogether. ECF No. 1 at 1. Accepting that allegation as true, the condition was a physical condition that reasonable inspection could have revealed.

Williams also alleges that a BOP employee escorted him to the attorney-client room but did not warn him about the desk. *Id.* at 2. Considered together with the desk's location in a controlled institutional room, its allegedly apparent physical condition, and the absence of a warning, that allegation supports a plausible inference that BOP personnel knew or, through reasonable care, should have known of the danger. Whether Williams can ultimately prove how long the condition existed or precisely what BOP employees knew is an evidentiary question more appropriately addressed after discovery.

The Government cites *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14), 171 So. 3d 851, and *Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078 (La.

6/30/00), 764 So. 2d 37, in support of its motion. However, those cases were decided on an evidentiary record at the summary-judgment stage. Here, the Court is considering the sufficiency of the allegations, not whether Williams has already produced evidence proving each element of his claim.

Williams plausibly alleges causation and damages. He alleges that the desk toppled because its front legs had been removed, struck the backs of his knees, knocked him to the ground, and caused significant knee injuries requiring surgery. ECF No. 1 at 1-2, 4. These allegations sufficiently connect the alleged defect and failure to warn to his claimed injuries.

Williams's characterization of the conduct as "gross negligence" does not warrant dismissal. ECF No. 22-1 at 6. Liberally construed, the Complaint alleges ordinary negligence based on the BOP's custody of a defective thing and its alleged failure to remove, repair, or warn of the danger. A pro se plaintiff's imperfect description of his legal theory does not defeat an otherwise plausible claim. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014).

The Court does not need to rely on the documents Williams subsequently filed as ECF No. 29 in determining whether the Complaint states a claim. Because those documents were not attached to or incorporated into the Complaint, consideration of their truth would ordinarily require conversion of the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). The allegations contained within the Complaint itself are sufficient to survive dismissal.

Accordingly, Williams has plausibly alleged that a defective desk was within the BOP's custody, that its condition presented an unreasonable risk of harm, that BOP personnel knew or reasonably should have known of the apparent condition, and that the failure to remove, repair, or warn about the desk caused his injuries.

## III. Conclusion

Because Williams states a plausible claim for relief under the FTCA, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 22) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except upon a showing of "plain error."

SIGNED on Thursday, September 24, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE